## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATRENDA MCGHEE GARCIA, INDIVIDUALLY AND ON BEHALF OF RAUL GARCIA (DECEASED)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1244** |
| **UNITEDHEALTHCARE OF LOUISIANA, INC., ET AL.** | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court is Defendant Walmart, Inc.'s Motion for Partial Dismissal for Failure to State a Claim. R. Doc. 5. No timely opposition has been filed. The Court now rules as follows.

**I.      BACKGROUND**

Plaintiff Latrenda McGhee Garcia ("Plaintiff") filed this lawsuit on behalf of herself and Raul Garcia (deceased) for personal injuries and wrongful death. R. Doc. 1-1 at 1. Plaintiff alleges that her husband, Raul Garcia, was diagnosed with COPD and Chug-Strauss Syndrome in 2010 and was prescribed the medications Symbicort and Albuterol for treatment. R. Doc. 1-1 at 2. Plaintiff contends that in March 2019, Defendant Walmart, Inc. ("Walmart") failed to refill Mr. Garcia's prescriptions for Albuterol and Symbicort and was negligent in the "handling and maintaining of the prescription records and requests for Mr. Garcia." R. Doc. 1-1 at 2. Plaintiff also asserts that the failure to refill these prescriptions occurred because Defendant UnitedHealthcare of Louisiana, Inc. ("UnitedHealthcare") deliberately and intentionally refused to authorize the prescription refills. R. Doc. 1-1 at 2. Plaintiff alleges that as a result of Walmart's failure to refill Mr. Garcia's prescriptions and/or United Healthcare's failure to authorize the refill of the prescriptions, Mr. Garcia's medical conditions worsened and on or about March 18, 2019, he began experiencing severe shortness of breath and respiratory distress. R. Doc. 1-1 at 3. After being taken to the hospital, Mr. Garcia was found to be in cardiac arrest and pulse-less, and he

eventually died on or about March 24, 2019. R. Doc. 1-1 at 3. Plaintiff thus contends that United Healthcare's negligence, as well as Walmart's negligence, caused Mr. Garcia's death. R. Doc. 1-1 at 3.

UnitedHealthcare answered, arguing that it was improperly joined in this matter, and also filed numerous affirmative defenses. R. Doc. 6. Walmart, meanwhile, has not filed an answer, but instead, filed a partial motion to dismiss for failure to state a claim. R. Doc. 5.

## II.   PENDING MOTION

In this motion, Walmart moves to dismiss Plaintiff's claims against it as stated in paragraph 18(a) of Plaintiff's Petition, pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 5. Specifically, Walmart argues Plaintiff's claim that Walmart is guilty of negligence for "(a) [f]ailure to properly and timely handle and/or refill Mr. Garcia's pulmonary medications," R. Doc. 1-1 at 3, is an invalid claim under Louisiana law and should therefore be dismissed. R. Doc. 5-1 at 3. However, Walmart's argument actually appears to relate to Plaintiff's claim as stated in paragraph 18(b), namely that Walmart is guilty of negligence for "[f]ailure to advise Mr. Garcia of the risk of not quickly obtaining the prescribed medications." R. Doc. 1-1 at 3. The Court will thus assume that Walmart is seeking to dismiss Plaintiff's claims as stated in paragraph 18(b) rather than 18(a). Walmart contends that it had no duty to advise Mr. Garcia about the risks of not quickly obtaining his medications because pharmacists generally do not have a duty to warn under Louisiana law. R. Doc. 5-1 at 3.

Plaintiff has not timely filed an opposition to Walmart's motion.

## III.   LAW AND ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Particularly, "a plaintiff must plead specific facts, not mere conclusory allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The complaint must also "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court must construe facts in the light most favorable to the nonmoving party, *id.*, and it "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Under Louisiana law, "[p]harmacists generally do not have a duty to warn, and are protected by the learned intermediary doctrine, i.e. the prescribing doctor is the one who must warn the patient, not the pharmacist." *Stanley v. Wyeth Inc.*, No. CIV.A. 06-1979, 2006 WL 2588147, at *3 (E.D. La. Sept. 8, 2006). A Louisiana court of appeals described a pharmacist's duty as follows:

> A pharmacist has a duty to fill a prescription correctly and to warn the patient or to notify the prescribing physician of an excessive dosage or of obvious inadequacies on the face of the prescription which create a substantial risk of harm to the patient . . . "The pharmacist does not, however, have a duty to question a judgment made by a physician as to the

3

propriety of a prescription or to warn customers of the hazardous side effects associated with the drug, either orally or by way of the manufacturer's package insert."

*Guillory v. Dr. X*, 96-85 (La. App. 3 Cir. 8/28/96); 679 So. 2d 1004, 1010 (quoting *Gassen v. E. Jefferson Hosp.*, 628 So.2d 256 (La. App. 5 Cir. 1993); *see also Kampmann v. Mason*, 09-993 (La. App. 5 Cir. 5/11/10), 42 So. 3d 411, 419.

In this case, the Court concludes that Walmart's pharmacist did not have a "duty to warn" Mr. Garcia about the risks of not obtaining his medication, as this responsibility was with Mr. Garcia's doctor. Rather, the Walmart pharmacist had the duty to fill the prescription correctly and to notify the patient or prescribing physician "of an excessive dosage or of obvious inadequacies on the face of the prescription," *id.*, and Plaintiff does not allege that the Walmart pharmacist incorrectly filled the prescription or failed to notify Mr. Garcia about issues with the prescription. Accordingly, the Court will grant Walmart's motion to dismiss Plaintiff's claim as stated in paragraph 18(b) of the Petition.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Walmart's Motion for Partial Dismissal, R. Doc. 5, is hereby **GRANTED**. Plaintiff's claim against Walmart as stated in paragraph 18(b) of the Petition for Damages, R. Doc. 1-1, is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 4th day of June, 2020.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE